IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30831
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERMAN A. BERNARD,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 92-CR-558
- - - - - - - - - -
February 21, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Sherman A. Bernard, formerly Commissioner of Insurance for Louisiana, appeals the denial of his motion for relief from his federal conviction pursuant to 28 U.S.C. § 2255. Bernard has failed to brief for appeal his contentions that his conviction violated the political question doctrine and the Tenth Amendment, that his plea was involuntary because entered under the threat of a 40-year prison term, that the district court did not inform him of his right to appeal, and that the district court failed to

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

explain its reasons for sentencing him at the top of the applicable guideline sentencing range. Because he has failed to brief those contentions, Bernard has abandoned them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Bernard also contends that his conviction was precluded by the McCarran-Ferguson Act, 15 U.S.C. § 1012(b); that the Government could not prove the interstate-commerce nexus necessary to create federal jurisdiction over his offense; that the Government could not prove that Bernard accepted campaign contributions as *quid pro quo* for his actions; that the Government breached its plea agreement with him; that he received ineffective assistance of counsel; and that he was entitled to an evidentiary hearing in the district court.

We have reviewed the record and the briefs of the parties and we find no reversible error. Accordingly, we affirm essentially for the reasons given by the district court. Finally, because the record was sufficient for the district court to determine that Bernard was entitled to no relief, Bernard was not entitled to an evidentiary hearing.

AFFIRMED.